UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>　　JOSEPH A. MUNGER, and<br>　　LINDA L. MUNGER,<br><br>　　　　　　Debtors | ) CHAPTER 7<br>) Case No. 07-40439-JBR<br>)<br>) **DEBTORS' ANSWER AND**<br>) **AFFIRMATIVE DEFENSES TO THE**<br>) **UNITED STATES TRUSTEE'S MOTION**<br>) **TO DISMISS CASE, AND TO EXTEND**<br>) **TIME TO OBJECT TO DISCHARGE**<br>) **AND MOVE TO DISMISS**<br>)<br>) |

The Debtors Joseph A. Munger and Linda A. Munger ("Mungers" or "Debtors") hereby answer and oppose the "Motion to Dismiss Case Pursuant to 11 U.S.C. § 707(b)(2) and to Extend Time to Object to Discharge Pursuant to 11 U.S.C. § 727 and Move to Dismiss Case Pursuant to 11 U.S.C. § 707(b)(3)" of the United States Trustee ("Trustee"). The Debtors' case should not be dismissed because their amended Means Test Form reveals that their filing is not presumed to be an abuse of bankruptcy process pursuant to 11 U.S.C. § 707(b)(2).

## ANSWER

The Debtors answer the allegations in the Trustee's motion in numbered paragraphs corresponding to those in the Trustee's motion as follows:

(1) The Debtors admit the allegations in this paragraph.

(2) The Debtors admit the allegations in this paragraph.

(3) The Debtors admit the allegations in this paragraph.

(4) The Debtors admit the allegations in this paragraph.

1

(5) The Debtors deny the allegations in this paragraph, as they have provided all documents in their possession to the Trustee.

(6) The Debtors admit the allegations in this paragraph.

(7) The Debtors admit the allegations in this paragraph.

(8) The Debtors admit the allegations in this paragraph based on their tax return.

(9) The Debtors admit the allegations in this paragraph.

(10) The Debtors deny the allegations in this paragraph, for the reasons set forth below under their Affirmative Defense(s).

(11) The Debtors admit the allegations in this paragraph.

(12) The Debtors admit the allegations in this paragraph.

(13) The Debtors admit the allegations in this paragraph.

(14) The Debtors deny the allegations in this paragraph.

(15) The Debtors deny the allegations in this paragraph.

## AFFIRMATIVE DEFENSE(S)

(1) On February 6, 2007, the Debtors filed a voluntary Chapter 7 Petition ("Petition") and indicated on line 14 of Form 22A Statement of Current Monthly Income and Means Test Calculation ("Means Test Form") that their household consists of 4 individuals.

(2) The Debtors reported on line 12 of the Means Test Form in the Original Petition that their total current monthly income ("CMI") is $10,509.51, which yields an annual income of $126,114.12.

(3) On line 9 of the Means Test Form of the Original Petition, Debtors listed under Column B Linda Munger's unemployment compensation income of $1,010.17. In fact, such unemployment compensation income should have been excluded from the calculation of

2

monthly income on the Means Test Form, because it constitutes a benefit under the Social Security Act. *See In Re Sorrell*, Case No. 06-31720 (S.D. Ohio, January 26, 2007) ("in consideration of the text of the various relevant portions of the Social Security Act, United States Supreme Court language, and a comparison with other statutory text of the 2005 [Bankruptcy Abuse Prevention and Consumer Protection] Act, which reference specific provisions of the Social Security Act, the court holds that unemployment compensation is one of the 'benefits under the Social Security Act'").

(4) Consequently, the Debtors' Amended Means Test Form, filed contemporaneously herewith, reports a lower monthly income on lines 12, 18, and 48 of the Means Test Form.

(5) The Debtors had in good faith estimated they incurred an average of $3,401.33 for federal, state and local taxes. This estimate was made on line 25 of the original Means Test Form, and took into account anticipated taxes due to unemployment income.

(6) In fact, however, Debtors received a tax refund of $7,013.00 for their 2006 tax return. Consequently, the estimated amount incurred for taxes on line 25 of Debtors' Means Test Form in the Original Petition turned out to be incorrect and greater than their actual taxes incurred.

(7) The Trustee argues that this change in average monthly taxes actually incurred alters the results of the Debtors' Means Test Form such that "the Debtors have monthly disposable income of $500.77," and infers that such an amount must lead to the conclusion that a Chapter 7 discharge would be abusive because under 11 U.S.C. § 707(b)(2)(A)(i) because the Debtor has a monthly disposable income of more than $166.67, or $10,000 over 60 months.

(8) The Trustee's conclusion is unwarranted, however, in light of the Debtors' Amended Means Test Form, which correctly excludes unemployment compensation received as a benefit under the Social Security Act from the calculation of monthly income.

(9) For the purposes of this motion, the Debtors accept the Trustee's calculation from Debtors' tax returns and W-2 forms that "the Debtors' actually incur an average monthly tax expense of $1,686.58," and they have filed an Amended Means Test Form in accordance therewith (Line 25).  The Trustee in her Motion accepts all of the Debtors' original Means Test deductions, except for an extraordinary monthly telecommunication expense of $50 and the Debtors' expenses for taxes on line 25 of the Means Test Form in the Original Petition.

(10)   In the Amended Means Test Form, filed herewith, the Debtors' monthly income for 11 U.S.C. § 707(b)(2) on lines 18 and 43 is $9,499.34.

(11)   In the Amended Means Test Form, the total of all deductions allowed under § 707(b)(2) of the Bankruptcy Code, listed on lines 47 and 49 of the Means Test Form, amount to $10,057.49, which figure is based on the Trustee's calculation of the deductions as noted in paragraph 9 above (i.e., reducing the expenses for taxes).

(12)   As the total deductions on line 49 ($10,057.49) exceed the current monthly income on line 48 ($9,499.34) of the Amended Means Test Form, the Debtors have no excess disposable income.  Consequently, the presumption of abuse does not arise in this case because a presumption of abuse only arises if,

> "the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60  is not less than the lesser of –
>
> (I)   25 percent of the debtor's nonpriority unsecured claims in the case, or $6,000, whichever is greater; or
> (II)   $10,000.

11. U.S.C. § 707(b)(2)(A)(i).  And clearly, based on the calculations in their Amended Means Test Form, the Debtors' monthly income, after being reduced by the deductions is zero.

4

WHEREFORE, the Debtors pray that, in light of the Debtors' Amended Means Test Form and the reasons herein, the Court DENY the United States Trustee's Motion to Dismiss Case Pursuant to and to Extend time to Object to Discharge and Move to Dismiss. In the alternative, the Debtors would ask the Court for ten days to convert to a Chapter 13 Plan.

JOSEPH and LINDA MUNGER
By their Attorney(s),

 /s/ Leonard A. Frisoli
Leonard A. Frisoli, Esq., BBO # 638201
Zaheer A. Samee, Esq., BBO # 667751
Frisoli Associates, P.C.
Bulfinch Square
43 Thorndike Street
Cambridge, MA 02141
TEL (617) 494-0200

5

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

_____
In re:                          )
                                )
   JOSEPH A. MUNGER and       )        CHAPTER 7
   LINDA L. MUNGER            )
                                )        07-40439-JBR
                               Debtor   )
_____ )

Certificate of Service

     I, Leonard A. Frisoli, hereby certify that a true copy of the Debtors' Opposition To The United States Trustee's Motion To Dismiss, was served upon the attorney of record for each party stated below, by mail and/or ECF, on April 23, 2007.

                                                 /s/ Leonard A. Frisoli
                                                 Leonard A. Frisoli

Lisa D. Tingue, Esq.
Office of the U.S. Trustee
446 Main Street, 14th flr.
Worcester, MA 01608

John A. Burdick, Esq.
340 Main Street
Worcester, MA 01608

Mitchell J. Levine, Esq.
Nair & Levin, P.C.
707 Bloomfield Avenue
Bloomfield, CT 06002

Peter V. Guaetta, Esq.
Guaetta and Benson, LLP
9 Acton Rd., Ste. 10
PO Box 519
Chelmsford, MA 01824

6