**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
|  | ) |  |
| JOSEPH A. MUNGER, and | ) | CASE NO. 07-40439-JBR |
| LINDA L. MUNGER, | ) |  |
| Debtors | ) |  |
|  | ) |  |
|  | ) |  |

**MEMORANDUM OF DECISION ON UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. § 707(b)(2) and TO EXTEND TIME TO OBJECT TO DISCHARGE PURSUANT TO 11 U.S.C. § 727 AND MOVE TO DISMISS CASE PURSUANT TO 11 U.S.C. § 707(b)(3)**

This matter came before the Court on the United States Trustee's Motion to Dismiss Case Pursuant to 11 U.S.C. § 707(b)(2) and to Extend Time to Object to Discharge Pursuant to 11 U.S.C. § 727 and Move to Dismiss Case Pursuant to 11. U.S.C. § 707(b)(3) and the Debtor's Answer and Affirmative Defenses thereto. At issue is whether the Debtors' current monthly income includes Linda Munger's unemployment compensation for purposes of the means test calculation in § 707(b)(2).

**FACTS**

On February 6, 2007, the Debtors filed, together with a voluntary petition for relief under chapter 7 of the Bankruptcy Code, a Form 22A Chapter 7 Statement of Current Monthly Income and Means Test Calculation ("Means Test Form"). The Means Test Form reported that the Debtors had a current monthly income ("CMI") of $10,509.51, which included $1,010.17 that Linda Munger was receiving in unemployment compensation. On April 16, 2007, the United States Trustee ("UST"),

disputing the Debtors' monthly deduction for taxes, filed the motion to dismiss arguing that a presumption of abuse exists in this case because the Debtors have a monthly disposable income of more than $500.00 based on their Means Test Form. On April 23, 2007, the Debtors filed an amended Means Test Form, reporting their CMI as $9,499.34. This figure excluded the $1,010.17 in unemployment compensation that Linda Munger was receiving. Instead, the unemployment compensation was entered in the Line 9 section where it was designated "Unemployment compensation claimed to be a benefit under the Social Security Act."

**POSITION OF THE PARTIES**

The UST argues that this case should be dismissed, asserting that the Court must presume the granting of a chapter 7 discharge to be abusive because the Debtors' CMI, less certain deductions, is more than $10,000 over 60 months, which exceeds the limit set forth in 11 U.S.C. § 707(b)(2)(A)(i). The UST concludes that the Debtors' monthly disposable income is more than $10,000 over 60 months based on the CMI calculations in the original Means Test Form.[1] At the May 24, 2007 hearing, the UST argued that unemployment compensation should be included in CMI. The Court gave the UST ten days to file a supplemental memorandum in support of her position but no memorandum was filed.

The Debtors argue that there is not a presumption of abuse because Linda Munger's unemployment compensation constitutes a "benefit received under the Social Security Act" and should be excluded from their CMI calculation under 11 U.S.C. §

---

[1] The CMI minus certain expenses yields a debtor's monthly disposable income. The monthly disposable income of $166.67 or greater, when multiplied by 60, meets the $10,000 threshold.

2

101(10A). Relying on *In Re Sorrell*, 359 B.R. 167 (Bankr. S.D. Ohio 2007), the Debtors assert that the amended Means Test Form has the accurate calculation of CMI and shows the Debtors do not have the requisite CMI needed to create a presumption of abuse. The parties agreed at the May 24, 2007 hearing that the only legal issue in this matter is whether Linda Munger's unemployment compensation should be excluded from the calculation of CMI for purposes of the means test, so the Court will focus on that issue in this analysis.

**DISCUSSION**

The UST moves for dismissal pursuant to 11 U.S.C. § 707(b)(2),[2] arguing that the Court should find that there is a presumption of abuse in this case. Section 707(b)(2)(A)(i), added as part of the 2005 Act,[3] sets forth a means test for when a court shall presume abuse based on a debtor's CMI less certain deductions. Section 707(b)(2)(A)(i) provides in pertinent part:

> . . . the court shall presume abuse exists if the debtor's *current monthly income* reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of –

---

[2] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (the "2005 Act") governs this issue.

[3] As noted by the *Sorrell* court, the 2005 Act effected a major change to § 707(b).
> Instead of a burden-free entrance, containing a presumption in favor of granting the relief available in a chapter 7 case, except in the circumstance of substantial abuse, now the debtor faces a burden-filled application process, containing, depending upon the information provided, and subject to challenge from an expanded number of entities granted standing to bring such actions, a presumption against the relief available in a chapter 7 case.
> In addition to these significant changes, perhaps the most significant change is the congressionally determined mathematical formula in § 707(b) used to calculated whether a debtor's financial circumstances creates a presumption against granting the relief available in a chapter 7 case. *In Re Sorrell*, 359 B.R. at 179.

3

>   (I)   25 percent of the debtor's nonpriority unsecured claims in the case, or $6,000, whichever is greater; or
>   (II)  $10,000. (emphasis added).

In this case, the $10,000 set out in § 707(b)(2)(A)(i)(II) is the standard against which the Court must determine abuse.[4] The Debtors argue that their monthly disposable income multiplied by 60 is less than $10,000. In fact, they assert that they have no monthly disposable income because Linda Munger's unemployment compensation should not be included in the calculation of CMI pursuant to 11 U.S.C. § 101(10A).

>   In pertinent part, § 101(10A)(B) defines "current monthly income" to include:
>
>   > . . . any amount paid by any entity other than the debtor (or in a joint case the debtor and the debtor's spouse), on a regular basis for the household expenses of the debtor or the debtor's dependents (and in a joint case the debtor's spouse if not otherwise a dependent), but *excludes benefits received under the Social Security Act* . . . (emphasis added).

The Debtors point to the phrase excluding "benefits received under the Social Security Act," to argue that Linda Munger's unemployment compensation should not be included in the calculation of their CMI.

>   In their Answer and Affirmative Defenses, the Debtors rely on *Sorrell*, the only reported decision on point, to argue that Linda Munger's unemployment compensation should be excluded from the calculation of CMI on the Means Test Form. In that case, Judge Waldron stated:
>
>   > . . . in consideration of the text of various relevant portions of the Social Security Act, United States Supreme Court language, and a comparison with other statutory text of the 2005 [Bankruptcy Abuse Prevention and Consumer Protection] Act, which reference specific provisions of the Social Security Act, the court holds that unemployment compensation is

---

[4] Although a debtor may rebut a presumption of abuse by showing "special circumstances," as set forth § 707(b)(2)(B), the only issue before the Court is whether the presumption exists.

4

> one of the 'benefits under the Social Security Act.' *In Re Sorrell*, 359 B.R. at 182.

The court held that unemployment compensation should be excluded from the calculation of the CMI based on an analysis of the statutory construction of § 101(10A). First, the court looked to the plain meaning of the language in the statute, noting that "it is well established that 'when the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." *Id*. at 174 (internal quotation marks and citations omitted). The *Sorrell* court, rejecting the UST's argument that because unemployment compensation is an "indirect payment" under the Social Security Act because each state administers the payments to eligible individuals, Congress intended to include such compensation in CMI, concluded that the "applicable text does not speak of 'payments', direct, indirect, or otherwise, but instead contains the unambiguously broader term 'benefits.'" *Id.* at 181. The word "benefit" does not draw a distinction between unemployment compensation and other benefits.

   The court in *Sorrell* offered further support for the broad interpretation of the term "benefit" by showing that lawmakers demonstrated, in other sections of the Bankruptcy Code, that they will purposefully limit the language of a statute when it is their intent for it to be narrowly construed. For example, in various sections of the 2005 Act, such as § 362(b)(2)(D) through (G); § 704(c)(1)(A)(i); and § 1302(d)(1)(A)(i), "Congress did not choose the broad term the 'Social Security Act,' which is the language chosen in connection with CMI; but, rather, selected specific provisions of the Social Security Act." *Id.* at 183. Looking at the phrase in § 101(10A) in the context of the entire 2005 Act, the court concluded "when Congress wished to limit the applicability of the Social Security

5

Act, it did so by reference to particular sections." *Id.* The language of the 2005 Act shows that Congress could have limited the scope of the Social Security benefits to which it was referring in § 101(10A)(B), but the deliberately broad phrase used in § 101(10A)(B) indicates Congress's intent to include *all* Social Security Act benefits in determining what to be excluded from CMI.

Finally, the *Sorrell* court looked to the purpose of the Social Security Act to support the decision that "benefits received under the Social Security Act" is intended to include unemployment compensation. According to the court, the purpose of the Social Security Act "was to give prompt if only partial replacement of wages to the unemployed, to enable workers 'to tide themselves over, until they get back to their old work or find other employment, without having to resort to relief." *Id.* at 183 (citing *California Dept. of Human Resources Development v. Java*, 402 U.S. 121, 131-32, 91 S.Ct. 1347, 1354, 28 L.Ed.2d 666 (1971)). With one of the purposes of the Social Security Act said to be the replacement of wages to the unemployed, it follows that one of the "benefits under the Social Security Act" would be the unemployment compensation that a worker receives as replacement wages.

Although *In Re Sorrell* was decided in the Southern District of Ohio in early 2007, this issue has been subject of debate among bankruptcy commentators since the drafting of the Means Test Form in 2005.[5] Commentators disagree whether

---

[5] The 2005 Committee Notes attached to the Means Test Form states, "[u]nemployment compensation is given special treatment. Because the federal government provides funding for state unemployment compensation under the Social Security Act, there may be a dispute about whether unemployment compensation is a 'benefit received under the Social Security Act.' The forms take no position on the merits of this argument, but give debtors the option of reporting unemployment compensation separately from the CMI calculation. This separate reporting allows parties in interest to determine the materiality

6

unemployment compensation is included in CMI.  For example, Judge Wedoff argues that, to categorize unemployment compensation as a "benefit under the Social Security Act" would be a "strained interpretation . . . since unemployed individuals receive no benefits 'under the Social Security Act,' but only under the programs adopted by their states, which may provide benefits beyond those that are federally funded." Eugene R. Wedoff, *Means Testing in the New § 707(B)*, 79 Am. Bankr. L.J. 231, 247 (Spring 2005). Moreover, he contends that interpreting the language in the entirety of § 101(10A) provides more support for his view.[6]  He argues that the distinction in § 101(10A) between "income from all sources" and "taxable income" should be interpreted similarly to the distinction between "gross income" and "taxable income" in the tax code.  Under the tax code, unemployment compensation is included in gross income.[7]  According to Judge Wedoff's analysis, unemployment compensation would be included in the calculation of CMI.  *See also* Marianne Culhane & Michaela White, *Catching Can-Pay Debtors – Is the Means Test the Only Way?* 13 Am. Bankr. Inst. L. Rev. 665, 674 (Winter 2005) (suggesting that the presumed purpose for exclusion of benefits received under the Social Security Act was specifically "to protect retirement benefits at the expense of creditors").

On the other hand, several bankruptcy commentators support the statutory interpretation set forth in *Sorrell*.  *Collier on Bankruptcy*, in its analysis of §101(10A),

---

of an exclusion of unemployment compensation and to challenge it." 2005 Committee Notes, p. 2.

[6] Section § 101(10A) states, "The term 'current monthly income' (A) means the average monthly *income from all sources* that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is *taxable income* . . ." (emphasis added).

[7] "In the case of an individual, gross income includes unemployment compensation." 26 U.S.C. §85(a).

7

states, "[u]nemployment benefits are provided for in Titles III, XII, XIII and XV [of the Social Security Act] . . . While many of these programs primarily benefit lower income families not affected by the means test, a debtor may receive benefits from such a program that would otherwise be counted in current monthly income . . ." suggesting that unemployment compensation should be excluded from the calculation of CMI under the Means Test. *Collier on Bankruptcy* 101-81 (Alan N. Resnick & Henry J. Sommer eds., 2007).

The National Association of Consumer Bankruptcy Attorneys points to the Unemployment Trust Fund established by the Social Security Administration to prove that unemployment compensation should constitute one of the "benefits received under the Social Security Act." Because the fund is contributed to by the states and distributed by the Federal Government to the states, the NACBA considers it to fall under the exclusion when calculating CMI.[8]

Another commentator argues that the Supremacy Clause supports excluding unemployment compensation from CMI. As noted in an American Bankruptcy Institute article, "regardless of whether a State may contribute to the Unemployment Trust Fund, Federal law governs, supporting the position that unemployment compensation is ultimately a benefit received under the Social Security Act." Allard, David W. et al., *Means Test – Can it Work?*, American Bankruptcy Institute, 13th Annual Central States Bankruptcy Workshop (2006).

---

[8] "The Secretary of the Treasury is authorized and directed to receive and hold in the Fund all monies deposited therein by a State agency from a State unemployment fund . . ." 42 U.S.C. §1104; "The Secretary of the Treasury is authorized and directed to pay out of the Fund to any state agency such amount as it may duly requisition . . ." 42 U.S.C. §1104(f).

8

The Court finds the *Sorrell* decision, along with commentators' support for its interpretation, persuasive. Examination of the statutory construction of the Bankruptcy Code provides support that the phrase is intentionally broad. Sections of the Bankruptcy Code distinguish "unemployment compensation" from "a social security benefit." *See, e.g.*, 11 U.S.C. § 522(d)(10)(A) ("The following property may be exempted under subsection (b)(2) of this section: (10) the debtor's right to receive – (A) a social security benefit, unemployment compensation, or a local public assistance benefit . . ."). The way in which Congress chose to phrase the references in the sections supports the view that "a benefit received under the Social Security Act" in § 101(10A)(B) was purposefully intended to be broader than "a social security benefit." "Unemployment compensation" is included in this broader definition.

Based on canons of statutory construction and the *Sorrell* decision, this Court holds that unemployment compensation does constitute a "benefit received under the Social Security Act" for purposes of calculating CMI under 11 U.S.C. § 101(10A) and thus was properly excluded from the calculation of CMI. Thus the filing of chapter 7, rather than a chapter 13, petition is not an abuse warranting dismissal.

**CONCLUSION**

For the foregoing reasons, the Motion, to the extent it is a Motion to Dismiss pursuant to 11 U.S.C. § 707 (b)(2) is DENIED. The Motion, to the extent it is a Motion to Extend Time is ALLOWED.

      A separate order will issue.

Dated: June 21, 2007

                                              _____
                                              Joel B. Rosenthal
                                              United States Bankruptcy Judge